IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY BIRDSONG | : | CIVIL ACTION |
| v. | : | |
| DONALD T. VAUGHN, et al. | : | NO. 02-2768 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER   November 7, 2002
United States Magistrate Judge

  Presently before the court is a pro se petition for a writ of habeas corpus. Petitioner is presently incarcerated at the State Correctional Institution at Graterford, Pennsylvania. For the reasons stated below, this court recommends that the petition be dismissed because it is barred by the one-year statute of limitations for the filing of a habeas corpus petition.

**I.   BACKGROUND**

  The following facts are undisputed. On October 27, 1989, the Honorable Juanita Kidd Stout, sitting without a jury, convicted petitioner of two counts of first-degree murder and related crimes (Phila. Ct. Common Pleas Nos. 4080, 4082, 4084, 4087-88, 4090, 4092, 4094, 4096, 4103, Jan. Term, 1989). Petitioner was sentenced to a term of life imprisonment. The Superior Court of Pennsylvania affirmed the judgments of conviction and sentence on December 11, 1990. Commonwealth v. Birdsong, 588 A.2d 557 (Pa. Super. Ct. 1990) (Table). Petitioner did not seek discretionary review with the Pennsylvania Supreme Court.

  On July 28, 1994, petitioner filed a pro se petition for post conviction relief under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. Counsel was appointed and an amended petition was filed. On November 30, 1995, the PCRA court

dismissed the petition. Petitioner appealed to the Pennsylvania Superior Court. On November 4, 1996, the Superior Court affirmed the dismissal of petitioner's PCRA petition. Commonwealth v. Birdsong, 688 A.2d 1224 (Pa. Super. Ct. 1996) (Table). Petitioner did seek discretionary review by the Pennsylvania Supreme Court. (Petition at ¶¶ 2-11; Resp. to Pet. at 1-2).

On January 14, 1997, petitioner filed another pro se PCRA petition. The court denied this second petition. The Superior Court affirmed and held that the petition was untimely under 42 Pa. Cons. Stat. Ann. § 9541, et seq. See Commonwealth v. Birdsong, 739 A.2d 582 (Pa. Super. Ct. 1999) (Table), and the Supreme Court denied petitioner's request for discretionary review on September 9, 1999, see Commonwealth v. Birdsong, 743 A.2d 913 (1999) (Table).

On May 8, 2002, petitioner filed the instant petition for a writ of habeas corpus raising six issues. (Petition at ¶ 12.) The District Attorney of Philadelphia County filed a response to the petition requesting that the petition be dismissed as untimely because it was not filed within the one-year statute of limitations as required by 28 U.S.C. § 2244.

## II.   DISCUSSION

Title 28 U.S.C. § 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996, in relevant part provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

        United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). See generally Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Lovasz v. Vaughn, 134 F.3d 146 (3d Cir. 1998).

    Petitioner's conviction became final on January 11, 1990. This date represents thirty days after the Pennsylvania Superior Court affirmed petitioner's sentence on December 11, 1990. Thus, in accordance with 28 U.S.C. § 2244(d)(1), petitioner had until January 11, 1991 to file a timely habeas petition.[1] However, the limitations provision of 28 U.S.C. § 2244(d) has been construed to give all prisoners a one-year grace period following its effective date of April 24, 1996, in which to initiate habeas actions when a conviction became final prior to April 24, 1996. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Accordingly, petitioner had until April 23, 1997, to file a timely federal habeas petition.

---

[1] 28 U.S.C. § 2244(d)(1)(A) provides that the statute of limitations run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." None of the other possible "start dates" listed in § 2244(d)(1)(B)(C) and (D) apply here.

The one-year statute of limitations is tolled during the time petitioner had pending in the state courts a properly filed PCRA petition. See 28 U.S.C. § 2244(d)(2) (providing that the time during which a "properly filed" petition for collateral relief is pending is not counted toward the one-year statute of limitations.) Petitioner's first PCRA petition, filed July 28, 1994, tolled the one-year grace period, but only while it was pending. On November 4, 1996, the Pennsylvania Superior Court denied the appeal from the dismissal of the first PCRA petition. Thus, the PCRA petition was no longer pending as of December 4, 1996, thirty days after the Pennsylvania Superior Court affirmed the judgment of the PCRA court. See Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000) (a state post-conviction action is "pending" within the meaning of § 2244(d)(2) during the time between the Pennsylvania Superior Court's ruling and the expiration of time for seeking an allowance of appeal from the Pennsylvania Supreme Court.)

Petitioner filed a second PCRA petition on January 14, 1997, approximately 41 days after the statute of limitations commenced. This second PCRA proceeding ended on September 9, 1999 when the Pennsylvania Supreme Court denied petitioner's allowance of appeal. Thus, as of September 9, 1999, the statute of limitations commenced again with 324 days remaining in the statute of limitations.[2] See Stokes v. The District Attorney of the County of Philadelphia, 247 F.3d 539, 541 (3d Cir. 2001) (explaining that "pending" excludes the time for filing a petition for certiorari in the United States Supreme Court), cert. denied, 122 S.Ct. 364

---

[2] The District Attorney argues that the petitioner's second PCRA petition cannot toll the statute of limitations, citing Fahy, 240 F.3d at 243-44. This court need not decide this issue in this case, for even if the second PCRA petition tolls the statute of limitations, the federal habeas petition is still untimely.

(2001). Thus, petitioner had until July 29, 2000 to file his petition for a writ of habeas corpus in this court.

At the earliest, petitioner filed his habeas petition on May 22, 2002, almost two years after the statute of limitations had expired.[3] The petition is time barred and should be dismissed.[4]

For all the above reasons, the court makes the following

### R E C O M M E N D A T I O N

AND NOW, this 7th day of November, 2002, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED** as time-barred by the statute of limitations, and that no certificate of appealability be granted.

BY THE COURT:

_____
THOMAS J. RUETER
United States Magistrate Judge

---

[3] Under the "mail-box" rule, the date petitioner signed his pro se petition -- May 22, 2002 -- is considered the date of filing. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

[4] Petitioner has not demonstrated that the limitations period should be equitably tolled. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY BIRDSONG | : | CIVIL ACTION |
| v. | : | |
| DONALD T. VAUGHN, et al. | : | NO. 02-2768 |

**O R D E R**

AND NOW, this        day of                , 2002, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petition for a writ of habeas corpus is DISMISSED; and

3. A certificate of appealability is <u>not</u> granted.

BY THE COURT:

_____
NORMA L. SHAPIRO,           Sr. J.